# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CARLTON BANKS, | Case No. 1:24-CV-00818 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| PNC BANK N.A., | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Carlton Banks initiated this action in State court alleging that Defendant PNC Bank N.A. breached its contractual obligations when it used an illegal appraisal during settlement negotiations. Defendant removed the action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000, excluding interest and costs. In support of jurisdiction, Defendant asserts that Plaintiff made a demand before litigation that was "well in excess" of $75,000. Also, Defendant moves to dismiss for failure to state a claim.

Based on its independent review, the Court determines that it lacks subject matter jurisdiction over the case. Accordingly, the Court **REMANDS** this action to the Cuyahoga County Court of Common Pleas without deciding the merits of Plaintiff's claim or Defendant's motion to dismiss.

## BACKGROUND

Plaintiff owns a home, located at 13913 Svec Avenue, Cleveland, Ohio 44120, encumbered by a mortgage. (ECF No. 1-1, ¶ 2, PageID #8.) PNC Bank is the mortgagee. (*Id.*, ¶ 4.) Plaintiff alleges that he entered into a mortgage contract with Defendant in 2003. (*Id.*, ¶ 6, PageID #9.) However, the mortgage contract was initially between Defendant and two non-parties, Robert Louis and Ivah B. Hawkins. (ECF No. 5-1, PageID #33.) At some point after 2003, Plaintiff became the successor-in-interest. (ECF No. 1-1, ¶ 2, PageID #8.) In 2023, Plaintiff and PNC initiated settlement negotiations related to the mortgage, and Plaintiff alleges that during negotiations PNC Bank "used an appraisal obtained through illegal means" to "unlawfully inflate the Property's value." (*Id.*, ¶ 7, PageID #9.) Plaintiff asserts that these actions breached the mortgage contract and Defendant's implied duty of good faith and fair dealing in it.

Defendant timely removed the action to federal court on May 8, 2024 on the basis of diversity jurisdiction. (ECF No. 1, ¶ 6, PageID #2.) According to the notice of removal, Plaintiff submitted a demand letter prior to the litigation offering to settle his claims against PNC for "an amount substantially in excess of $75,000." (*Id.*, ¶ 12, PageID #3.) Defendant also filed a motion to dismiss the complaint for failure to state a claim. (ECF No. 5.) While Defendant's motion to dismiss likely has merit for a number of reasons, including that Plaintiff has not specified how use of the appraisal breached the contract or caused him harm, the Court begins by examining whether it has jurisdiction to act.

## ANALYSIS

Federal courts have limited jurisdiction, possessing only that power which the Constitution and statutes authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Even where no party questions the Court's authority, the Court has an independent obligation to examine its own jurisdiction. *Iee, e.g., Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). A defendant may remove a case to federal court only if it could have been filed there in the first place. *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996).

Where a case is removed on the basis of diversity jurisdiction, a federal court has jurisdiction where the matter in controversy exceeds $75,000 and the controversy is between "citizens of different states." 28 U.S.C. § 1332. As the party invoking federal jurisdiction, a defendant seeking to remove the case bears the burden of establishing that the Court would have had original jurisdiction if Plaintiffs filed suit here. *See, e.g.*, *Conrad v. Robinson,* 871 F.2d 612, 614 (6th Cir. 1989).

**I.    Diversity of Parties**

Diversity jurisdiction requires complete diversity of citizenship, meaning that no plaintiff resides in the same state as any defendant. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Here, the parties are diverse. Plaintiff, Carlton Banks, is a citizen of the State of Ohio. (ECF No. 1-1, ¶ 1, PageID #8.) Defendant, PNC Bank, is incorporated in Delaware. (ECF No. 1, ¶ 8, PageID #2.) Likewise, "[a]ll national banking

associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Applying this statute, PNC is a citizen of the State in which its main office is located, also Delaware. (ECF No. 1, ¶ 8, PageID #2.)

## II.     Amount in Controversy

Courts "conduct a fair reading" of the complaint to determine whether the amount in controversy exceeds $75,000. *Haynes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Plaintiff requests actual damages resulting from PNC's alleged breach of contract (ECF No. 1-1, PageID #10), but the complaint remains otherwise silent about the amount of damages incurred or sought.

To satisfy the amount in controversy, Defendant points to a demand letter. Before filing suit, Plaintiff apparently sent a demand letter to PNC offering to settle his claims for what Defendant characterizes as "an amount substantially in excess of $75,000." (ECF No. 1, ¶ 12, PageID #3.) That letter was not provided to the Court. Defendant makes no further showing why the amount in controversy is met. While a demand letter may be considered as evidence of the amount in controversy, *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 480 (6th Cir. 2014), a demand does not settle the matter. *Id.* "[I]n ascertaining the amount in controversy for jurisdictional purposes, where the law gives the rule, the legal causes of action, and not the plaintiff's demand, must be regarded." *Id.* (quoting *Smith v. Phillips & Jordan, Inc.*, No. 10-134-ART, 2011 WL 250435, at *2 (E.D. Ky. Jan. 24, 2011).

Here, the mortgage contract underlying Plaintiff's claims provides: "[a]t no time shall the principal amount of indebtedness secured by this mortgage exceed $35,179.00." (ECF No. 5-1, PageID #33.) Additionally, the document which Plaintiff

4

refers to as an appraisal estimates that the home's value as of 2023 when the events occurred was between $43,000 and $47,000. (ECF No. 5-2, PageID #39.) Any actual damages incurred from PNC's use of that allegedly inflated value during negotiations would surely be less than the full value of the home. Plaintiff's brings claims for breach of contract, where no punitive damages are available. Therefore, it is difficult to see how those claims might approach the jurisdictional amount in controversy.

## CONCLUSION

For the foregoing reasons, the Court determines that it lacks jurisdiction over this action. Therefore, the Court **REMANDS** this case to the Cuyahoga County Court of Common Pleas.

**SO ORDERED.**

Dated: July 10, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio